HALL, Judge.
This litigation involves the ownership and right to possession of “Tom’s Flash”, a registered quarter horse. Plaintiff initially filed a petition alleging that she was the owner and in possession of the horse; that defendant was disturbing her right of possession by claiming ownership of the animal; and praying that defendant be enjoined from interferring with her possession. A temporary restraining order and a rule for a preliminary injunction were issued.
Defendant answered denying the essential allegations of plaintiff’s petition and reconvened alleging his ownership by virtue of a purchase of Tom’s Flash together with three other horses from Melvin Hall for a price of $1,750 paid by defendant to Hall; that the sale was negotiated by plaintiff under an agreement whereby plaintiff would train the other three horses as barrel horses and for her services she would be given Tom’s Flash; that plaintiff did not comply with her agreement to train the three horses thereby relieving defendant of his obligation to convey Tom’s Flash to her; and praying that defendant be recognized as the owner of the horse and as entitled to possession thereof.
The case went to trial on these pleadings and judgment was rendered decreeing plaintiff to be the owner of the horse. Defendant appealed.
Plaintiff is a school teacher and also is very active in Bossier Parish amateur riding activities. She conducted a school during her off hours for children who were interested in learning to ride. She also participated in local riding events in various capacities and particularly as a barrel rider.
*401 Defendant also was interested in riding horses and his daughter had taken some lessons from plaintiff. The defendant was interested in obtaining a good horse for barrel riding and he and plaintiff discussed this matter. Plaintiff was also interested in obtaining a good barrel horse for herself and began looking for some prospects. She made a trip to Clarence and contacted Melvin Hall, who operated an auction barn and also owned quite a few horses.
Plaintiff testified she informed defendant that she could obtain four registered quarter horses for $1,750; that she thought they all had prospects; that if defendant would pay for the four horses she would transport them to Bossier and train three of them for him in return for the ownership of Tom’s Flash, one of the four horses. Defendant paid the purchase price and received a bill of sale from Hall. The four horses were delivered to Bossier pursuant to arrangements made by plaintiff. Tom’s Flash was delivered to plaintiff and remained in her possession. The other three horses were kept by defendant at his place.
About five weeks after delivery of the horses defendant became dissatisfied with the training being given or not being given by plaintiff to his three horses. He advised her he was turning the three horses over to other parties and picked up their registration certificates from her. Defendant also advised plaintiff he was going to move Tom’s Flash which he claimed was still his horse, whereupon plaintiff filed suit.
The issue under the pleadings and evidence is ownership of Tom’s Flash. The question to be resolved is whether under the agreement between plaintiff and defendant, plaintiff acquired ownership of the horse at the time of delivery to her or whether ownership remained in defendant, subject to his agreement to convey the horse at a later date upon compliance by plaintiff with her agreement to train the other horses.
Supporting plaintiff’s position are her own testimony as to the agreement; actual possession by her of the horse at all times since delivery; and possession by her of the registration certificate for the horse signed by Hall in blank.
Supporting defendant’s position are payment by him to Hall of the purchase price; the bill of sale from Hall to defendant with no similar bill of sale or evidence of transfer by defendant to plaintiff; and defendant’s own testimony as to the agreement.
The district court obviously accepted plaintiff’s version. There is evidence to support the findings of the district court and we find no manifest error. It is reasonable to conclude that Tom’s Flash was purchased for plaintiff’s account and delivered to her in return for her agreement to train the other three horses which were purchased for defendant’s own account and delivered to him. The agreement amounted to an exchange between plaintiff and defendant under which plaintiff received the horse in return for services to be rendered by her to defendant.
Defendant contends that plaintiff failed to comply with her obligations under the agreement in that she failed to make any reasonable effort to train his three horses. The evidence supports the district court’s finding, as reflected by the minutes of that court, that plaintiff was prevented from performing her part of the contract by defendant’s own actions in turning his three horses over to someone else. Although the evidence shows that plaintiff did very little during the approximately five weeks after the horses were delivered (she rode one horse three or four times, another once, and another not at all), there is no showing that time was of the essence in the agreement. In fact, plaintiff testified defendant said that he wanted the horses ready for next year. The evidence shows that the training period normally required to finish a barrel horse would ex *402 tend over a considerable period of time, perhaps as much as a year. Defendant testified plaintiff said she just did not have time to train the horses because of other activities but plaintiff denied this and testified defendant never complained until he called her to say he was turning the horses over to someone else. The evidence falls short of proving that .plaintiff had refused or failed to perform her end of the agreement at the time defendant elected to dispense with her services.
For the reasons assigned, the judgment of the district court recognizing plaintiffs ownership of the horse Tom’s Flash is affirmed.
Affirmed.